**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TASKTIME TEXAS LLC, | § § § | Case No. |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § § § | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff TaskTime Texas LLC ("TaskTime" or "Plaintiff") files this original Complaint against Defendants Samsung Electronics Co., Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung Electronics America") (collectively "Samsung" or "Defendants") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1.      Plaintiff TaskTime is a Texas Limited Liability Company and maintains its principal place of business at 5851 Legacy Cir, 6th Floor, Plano, TX 75024. TaskTime is the owner of all right, title, and interest in and to U.S. Patent Nos. 9,659,260; 11,074,523; and 12,026,638 (the "Patents-in-Suit").

2.      Defendant Samsung Electronics is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 129 Samsung-Ro, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do, Republic of Korea. Upon information and belief, Samsung Electronics does business in Texas, directly or through intermediaries, and offers its products

1

and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.

3.      Defendant Samsung Electronics America is a corporation organized under the laws of New York, with its principal place of business at 700 Sylvan Ave, Englewood Cliffs, NJ 07632. Samsung Electronics America has corporate offices in the Eastern District of Texas, including at 6625 Excellence Way, Plano, Texas 75023. Samsung Electronics America may be served with process through its registered agent CT Corporation System, at 28 Liberty St, New York, NY 10005.

4.      Defendants have authorized sellers and sales representatives that offer and sell products pertinent to this Complaint through the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as at the Samsung Experience Store at Stonebriar Centre, 2601 Preston Road, Frisco, TX 75034; Best Buy, 422 W Loop 281 Ste 100, Longview, TX 75605; AT&T Store, 1712 E Grand Ave, Marshall, TX 75670; T-Mobile, 1806 E End Blvd N Ste 100, Marshall, TX 75670; and Walmart, 1701 E End Blvd N, Marshall, TX 75670.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6.      This Court has specific and personal jurisdiction over each of the Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, each Defendant has sufficient minimum contacts with the forum because each Defendant transacts substantial business in the State of Texas and in this Judicial District. Further, each Defendant has, directly or through subsidiaries or

intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, as alleged more particularly below.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because each Defendant is subject to personal jurisdiction in this Judicial District, has committed acts of patent infringement in this Judicial District, and has a regular and established place of business in this Judicial District. Each Defendant, through its own acts and/or through the acts of each other Defendant, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one.

## PATENTS-IN-SUIT

8.      On May 23, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,659,260 (the "'260 Patent") entitled "Calendar Based Task and Time Management Systems and Methods." The '260 Patent names Dan Caligor as an inventor. A true and correct copy of the '260 Patent is attached hereto as Exhibit A.

9.      On July 27, 2021, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 11,074,523 (the "'523 Patent") entitled "Calendar Based Task and Time Management Systems and Methods." The '523 Patent names Dan Caligor as an inventor. A true and correct copy of the '523 Patent is attached hereto as Exhibit B.

10.     On July 2, 2024, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,026,638 (the "'638 Patent") entitled "Calendar Based Task and Time Management Systems and Methods." The '638 Patent names Dan Caligor as an inventor. A true and correct copy of the '638 Patent is attached hereto as Exhibit C.

3

**FACTUAL ALLEGATIONS**

11.     Dan Caligor is a named inventor of the Patents-in-Suit and the creator of the TaskTime system. Mr. Caligor recognized that existing task management and calendaring software suffered from significant limitations: users were forced to manage tasks and calendar events through separate, disconnected applications, resulting in inefficiencies in organizing and prioritizing daily activities. Conventional systems treated task management and time scheduling as fundamentally separate operations, requiring users to manually coordinate between the two, and offered no meaningful automated mechanism for dynamically associating task records with time-based scheduling data based on rules or changing conditions.

12.     To address these deficiencies, Mr. Caligor conceived, developed, and reduced to practice a novel computerized system and method—embodied in the TaskTime product—that provides an integrated, rules-based approach to continuously organizing, affiliating, and presenting task records in connection with time records and calendar data. The TaskTime system employs specific data structures, handling rules with trigger conditions and corresponding actions, and structured query cascading techniques that represent particular, concrete technical solutions to the problem of efficiently managing and presenting task data on computing devices.

13.     The inventions claimed in the Patents-in-Suit are directed to specific, technically innovative methods performed on a computing device that improve the functioning of the computer itself by, among other things:

a.     employing a specific rules-based engine that uses defined trigger conditions and corresponding actions to dynamically affiliate task records with time records in a database, resulting in a more computationally efficient method of associating disparate data types than was previously available, and reducing the processing burden on the computing

4

device that would otherwise result from manual, user-initiated association of each task with a time slot (as addressed in the '523 Patent);

b.      implementing a novel cascading structured query technique whereby a superset of task records is iteratively parsed through a series of structured queries, with each query producing a task subset and a remainder subset that becomes the input for the next query, thereby enabling the computing device to efficiently organize and filter large numbers of task records into a rules-based output sequence using significantly fewer computational steps than conventional approaches that would require re-querying the entire dataset at each stage (as addressed in the '260 Patent); and

c.      utilizing a schedule-type attribute classification system within a task management module that parses task records based on their schedule types—including day-and-time specific, day-only, and unscheduled categories—and applies distinct handling rules to each classification, enabling the computing device to more efficiently determine how and when to present task records to users without requiring redundant processing of task records that lack temporal constraints (as addressed in the '638 Patent).

14.      The specific ordered combination of steps and data structures recited in the claims of the Patents-in-Suit were not well-understood, routine, or conventional at the time of the inventions. Prior to the inventions, computing devices did not employ the particular combination of rules-based trigger-and-action handling, cascading structured queries with dynamically assembled remainder subsets, or schedule-type-based parsing that the Patents-in-Suit claim. These techniques provide concrete improvements in computing efficiency by reducing redundant data processing, minimizing the number of database queries required to organize task records, and

enabling real-time dynamic updating of task-time affiliations without requiring full re-computation of the entire task dataset.

15.     Mr. Caligor built and deployed the TaskTime product, which practices one or more claims of each of the Patents-in-Suit. The TaskTime product is currently operational on a server located in the Eastern District of Texas, and continues to be maintained and developed.

16.     Mr. Caligor assigned all rights, title, and interest in the Patents-in-Suit to TaskTime Texas LLC prior to the filing of this Complaint.

17.     Samsung was placed on actual notice of the '260 Patent and its infringement thereof since at least June 10, 2019. On that date, during the prosecution of Samsung's U.S. Patent Application No. US 15/652,060 (the "'060 Application), which subsequently issued as U.S. Patent No. 10,621,555 on April 14, 2020, the United States Patent and Trademark Office, via the patent examiner examining the '060 Application, issued a Notice of References Cited identifying U.S. Patent Application Publication No. 2012/0239451, the application that had by this time issued as the '260 Patent, as a reference. Accordingly, at the time the examiner identified U.S. Patent Application Publication No. 2012/0239451 as a reference during the prosecution of Samsung's patent application, the '260 Patent had already issued and was publicly available, and a routine review of the Patent Office's records would have confirmed to Samsung that the cited application had matured into the issued '260 Patent. A true and correct copy of the June 10, 2019 Notice of References Cited issued during the prosecution of the '060 Application is attached hereto as Exhibit D.

18.     By no later than June 10, 2019, Samsung knew of the '260 Patent, knew of the patented methods claimed therein, and knew or was willfully blind to the fact that its Accused Products and the Samsung Reminder application infringed the '260 Patent. Samsung has continued

to make, use, sell, offer for sale, and import the Accused Products, and to instruct and encourage end users to use the Samsung Reminder application in an infringing manner, despite this knowledge.

19.     The '523 Patent and the '638 Patent share a common parent application with the '260 Patent. Specifically, the '260 Patent issued from U.S. Patent Application No. 13/421,595, and both the '523 Patent and the '638 Patent claim priority to and trace their priority through U.S. Patent Application No. 13/421,595. All three Patents-in-Suit share the same named inventor, Dan Caligor, and are directed to the same general technical subject matter.

20.     By virtue of the June 10, 2019 Notice of References Cited identifying U.S. Patent Application Publication No. 2012/0239451 during the prosecution of the Samsung '555 Patent, Samsung was on notice of the underlying patent family from which the Patents-in-Suit issued, and was on notice of the named inventor Dan Caligor. A routine and reasonable investigation by Samsung—including the type of investigation a sophisticated patent owner such as Samsung would be expected to conduct after becoming aware of relevant prior art in its same technical field—would have led Samsung to discover the '523 Patent upon its issuance on July 27, 2021, and the '638 Patent upon its issuance on July 2, 2024. Samsung accordingly knew, or was willfully blind to, the existence of the '523 Patent at least as of its issuance on July 27, 2021, and the existence of the '638 Patent at least as of its issuance on July 2, 2024, and Samsung knew, or was willfully blind to, the fact that its Accused Products and the Samsung Reminder application infringed each of those patents.

## THE ACCUSED PRODUCTS

21.     Defendants manufacture, use, sell, offer for sale, and/or import into the United States electronic devices, including Android-based smartphones, tablets, and smart watches, that

are pre-configured with Samsung's Reminder application integrated with Samsung Calendar (collectively, the "Accused Products"). The Accused Products include, but are not limited to, Samsung Galaxy smartphones (including the Galaxy S21, Galaxy S22, Galaxy S23, Galaxy S24, Galaxy S25, and Galaxy S26 series, and their variants, including the Galaxy S26+ and Galaxy S26 Ultra), Samsung Galaxy Note series, Samsung Galaxy Z Fold and Z Flip series (including, without limitation, the Galaxy Z Fold and Galaxy Z Flip lines through and including the Galaxy Z Fold 7, Galaxy Z Flip 7, Galaxy Z Flip 7 FE, and Galaxy Z Trifold), Samsung Galaxy A series (including, without limitation, the Galaxy A37 and Galaxy A57), Samsung Galaxy Tab series tablets (including, without limitation, the Galaxy Tab S11 series), and Samsung Galaxy Watch series (including, without limitation, the Galaxy Watch 8 series and Galaxy Watch Ultra), all running Samsung's proprietary Reminder application in conjunction with Samsung Calendar.

22.     The Accused Products include Samsung's Reminder application, which provides task management functionality that is integrated with Samsung Calendar. The Samsung Reminder application allows users to create, organize, and manage task records (referred to by Samsung as "reminders") that include task attributes such as title, category, scheduling information (including date, time, and recurrence settings), priority/importance designation, and completion status. These reminder task records are stored in a database on the Accused Products and can be synced via Samsung Cloud across multiple devices over a communications network.

23.     The Samsung Reminder application on the Accused Products organizes and displays reminder task records alongside and integrated with calendar events in the Samsung Calendar interface, dynamically affiliating task records with time records for unified presentation to the user. The application continuously monitors trigger conditions—such as the passage of time

and user modifications to reminder items—and executes corresponding actions such as generating alerts and updating the calendar display.

24.    The Samsung Reminder application on the Accused Products further organizes task records by schedule type, parsing tasks into categories including day-and-time scheduled reminders, day-only scheduled reminders, and unscheduled reminders, and applies distinct rules to each type for determining how and when to present them to users.

25.    The Samsung Reminder application on the Accused Products further provides filtering and categorization functionality that employs cascading structured queries, allowing users to filter task records by user-defined categories (such as "My Reminders," "Important," "Groceries," and other custom categories), and then further sort and organize within and across those categories, dynamically assembling subsets and remainder subsets of task records for ordered output.

**<u>COUNT I</u>**
**(Infringement of the '260 Patent)**

26.    Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27.    TaskTime has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '260 Patent.

28.    Defendants have and continue to directly infringe at least Claim 1 of the '260 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the Accused Products without authority and in violation of 35 U.S.C. § 271(a).

29.    For example, Defendants' Accused Products are pre-installed with Samsung's Reminder application, which implements an improved iterative computer-implemented method for continuously organizing and updating a plurality of task records for output in a rules-based

9

sequence according to task attribute filters maintained by a task management module. The Reminder application receives data representing task records, each having at least one corresponding task attribute; electronically stores a superset of the task records with their corresponding task attributes in a database in a memory of the computing device; receives a series of structured queries corresponding to a request to filter the superset based on task attributes; and, responsive to the structured queries, parses the superset, dynamically assembles task subsets and remainder task subsets, determines an order of those subsets according to sorting rules, and outputs the organized task records to the display of the device.

30.    For example, as shown below, the Samsung Reminder application on the Accused Products allows users to filter and organize task records by user-defined categories such as "My Reminders," "Important," and "Groceries," thereby parsing the superset of task records through a series of structured queries and dynamically assembling task subsets and remainder subsets for ordered output to the display:







31.    As further shown below, the Samsung Reminder application applies user-selectable sorting rules to determine the order of the resulting subsets, including sorting by alert time:



32.     Defendants have and continue to indirectly infringe at least Claim 1 of the '260 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the Accused Products and by instructing users of the Accused Products to perform methods claimed in the '260 Patent. Defendants have had actual knowledge of the '260 Patent since at least June 10, 2019, when the United States Patent and Trademark Office issued a Notice of References Cited during the prosecution of Samsung's own '060 Application (which issued as U.S. Patent No. 10,621,555), identifying U.S. Patent Application Publication No. 2012/0239451—the published application that issued as the '260 Patent—as a reference. With knowledge of the '260 Patent, Defendants have actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, direct infringement of the '260 Patent by their customers and end users.

33.    Defendants have indirectly infringed and continue to indirectly infringe at least Claim 1 of the '260 Patent because Defendants' customers use the Samsung Reminder application on the Accused Products in accordance with Defendants' instructions and thereby directly infringe at least one claim of the '260 Patent in violation of 35 U.S.C. § 271. Defendants directly and/or indirectly intentionally instruct their customers to infringe through pre-installed applications, training videos, demonstrations, and/or user guides, such as those located at https://www.samsung.com/uk/support/mobile-devices/how-do-i-use-the-samsung-reminder-app/; https://www.samsung.com/us/support/answer/ANS10003651/;                              and https://eu.community.samsung.com/t5/mobile-apps-services/samsung-reminders-an-easy-smart-way-to-keep-lists-of-things-to/td-p/6003933. Defendants are thereby liable for infringement of the '260 Patent under 35 U.S.C. § 271(b).

34.    Defendants have also contributorily infringed and continue to contributorily infringe at least Claim 1 of the '260 Patent under 35 U.S.C. § 271(c). Defendants sell, offer to sell, and import into the United States the Accused Products, which include the Samsung Reminder application as a material component of the inventions claimed in the '260 Patent. The Samsung Reminder application implements the cascading structured query functionality, including the parsing of task record supersets, dynamic assembly of task subsets and remainder subsets, and rules-based ordered output of those subsets, that constitutes a material part of the claimed invention. The Samsung Reminder application is especially made and adapted to perform the methods claimed in the '260 Patent, is not a staple article of commerce suitable for substantial non-infringing use, and has no substantial non-infringing use apart from performing the infringing methods. Defendants have known of the '260 Patent since at least June 10, 2019, as alleged above,

15

and have known since that date that the Samsung Reminder application is especially made or especially adapted for use in an infringement of the '260 Patent.

35.     TaskTime has suffered damages as a result of Defendants' direct and indirect infringement of the '260 Patent in an amount to be proved at trial.

36.     TaskTime has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '260 Patent for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

37.     Defendants have committed and continue to commit acts of infringement that Defendants actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '260 Patent. Defendants have had actual knowledge of the '260 Patent since at least June 10, 2019, as alleged above, yet have continued to make, use, sell, offer for sale, and import the Accused Products and to instruct end users to use the Samsung Reminder application in an infringing manner. Defendants' infringement of the '260 Patent has been and continues to be willful and egregious, entitling TaskTime to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT II
### (Infringement of the '523 Patent)

38.     Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

39.     TaskTime has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '523 Patent.

40.     Defendants have and continue to directly infringe at least Claim 1 of the '523 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the Accused Products without authority and in violation of 35 U.S.C. § 271(a).

41.    For example, Defendants' Accused Products are pre-installed with Samsung's Reminder application integrated with Samsung Calendar, which implements an improved iterative computer-implemented method for continuously organizing and affiliating a plurality of task records with time records according to handling rules for output. The Reminder application receives data representing task records having corresponding task attributes; electronically stores a superset of task records in a database; creates time records corresponding to periods of time defined by at least two of a specific start time, a specific end time, and a duration of time; electronically maintains at least one handling rule comprising at least one trigger condition and at least one corresponding action for dynamically affiliating task records with time records; continuously monitors trigger conditions; and, when a trigger condition is satisfied, performs the corresponding action to dynamically update the affiliation of task records with time records and output the result to the interface.

42.    For example, as shown below, the Samsung Reminder application on the Accused Products organizes and displays reminder task records alongside calendar events in the Samsung Calendar interface, dynamically affiliating task records with time records for integrated presentation to the user:



43.    As further shown below, when a user creates or modifies a reminder task record, the Samsung Reminder application creates time records defined by at least a start time and duration, and dynamically updates the calendar display to reflect the new or modified task-time affiliation:





44.    Defendants have and continue to indirectly infringe at least Claim 1 of the '523 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the Accused Products and by instructing users of the Accused Products to perform methods claimed in the '523 Patent. For example, Defendants, with knowledge that the Accused Products infringe the '523 Patent at least as of the date of this Complaint, actively,

knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce direct infringement of the '523 Patent.

45.    Defendants have indirectly infringed and continue to indirectly infringe at least Claim 1 of the '523 Patent because Defendants' customers use the Samsung Reminder application on the Accused Products in accordance with Defendants' instructions and thereby directly infringe at least one claim of the '523 Patent in violation of 35 U.S.C. § 271. Defendants directly and/or indirectly intentionally instruct their customers to infringe through pre-installed applications, training videos, demonstrations, and/or user guides. Defendants are thereby liable for infringement of the '523 Patent under 35 U.S.C. § 271(b).

46.    Defendants have also contributorily infringed and continue to contributorily infringe at least Claim 1 of the '523 Patent under 35 U.S.C. § 271(c). Defendants sell, offer to sell, and import into the United States the Accused Products, which include the Samsung Reminder application integrated with Samsung Calendar as a material component of the inventions claimed in the '523 Patent. The Samsung Reminder application implements the handling-rule-based trigger-and-action mechanism for dynamically affiliating task records with time records, continuously monitoring trigger conditions, and executing corresponding actions to update task-time affiliations, that constitutes a material part of the claimed invention. The Samsung Reminder application is especially made and adapted to perform the methods claimed in the '523 Patent, is not a staple article of commerce suitable for substantial non-infringing use, and has no substantial non-infringing use apart from performing the infringing methods. Defendants have known of the '523 Patent since at least July 27, 2021, as alleged above, or have been willfully blind to its existence and to the infringement of its claims by the Samsung Reminder application, and in any event have known of the '523 Patent since the filing of this Complaint.

21

47.    TaskTime has suffered damages as a result of Defendants' direct and indirect infringement of the '523 Patent in an amount to be proved at trial.

48.    TaskTime has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '523 Patent for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

49.    Defendants have committed and continue to commit acts of infringement that Defendants actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '523 Patent. Defendants have had actual or willfully blind knowledge of the '523 Patent since at least its issuance on July 27, 2021, as alleged above, and in any event since the filing of this Complaint, yet have continued to make, use, sell, offer for sale, and import the Accused Products and to instruct end users to use the Samsung Reminder application in an infringing manner. Defendants' infringement of the '523 Patent has been and continues to be willful and egregious, entitling TaskTime to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

### COUNT III
**(Infringement of the '638 Patent)**

50.    Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

51.    TaskTime has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '638 Patent.

52.    Defendants have and continue to directly infringe at least Claim 1 of the '638 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the Accused Products without authority and in violation of 35 U.S.C. § 271(a).

53.     For example, Defendants' Accused Products are pre-installed with Samsung's Reminder application, which implements an improved iterative computer-implemented method for continuously organizing and updating a plurality of task records for output in a rules-based sequence according to task attribute filters maintained by a task management module. The Reminder application receives data representing task records having corresponding task attributes including schedule type; electronically stores a superset of the task records; parses the task records based at least in part on their corresponding schedule types by identifying task records having a first schedule type (e.g., day-and-time specific reminders) and task records having at least a second schedule type (e.g., day-only or unscheduled reminders); applies handling rules to determine an order of the task subsets; continuously monitors the interface for received data inputs corresponding to task attributes including the schedule type; continuously receives exogenous factor data from the interface including time-of-day data; and provides an output for presentation to a user when task records are updated.

54.     For example, as shown below, the Samsung Reminder application on the Accused Products classifies task records by schedule type, including day-and-time specific reminders, day-only reminders, and unscheduled reminders, and applies distinct handling rules to each schedule type for determining how and when to present those task records:



55.     As further shown below, the Samsung Reminder application continuously monitors for exogenous factor data, including time of day, and updates the presentation of task records accordingly, such as by moving past-due reminders into a "Past" section:



56.    Defendants have and continue to indirectly infringe at least Claim 1 of the '638 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the Accused Products and by instructing users of the Accused Products to perform methods claimed in the '638 Patent. For example, Defendants, with knowledge that the Accused Products infringe the '638 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce direct infringement of the '638 Patent.

57.     Defendants have indirectly infringed and continue to indirectly infringe at least Claim 1 of the '638 Patent because Defendants' customers use the Samsung Reminder application on the Accused Products in accordance with Defendants' instructions and thereby directly infringe at least one claim of the '638 Patent in violation of 35 U.S.C. § 271. Defendants directly and/or indirectly intentionally instruct their customers to infringe through pre-installed applications, training videos, demonstrations, and/or user guides. Defendants are thereby liable for infringement of the '638 Patent under 35 U.S.C. § 271(b).

58.     Defendants have also contributorily infringed and continue to contributorily infringe at least Claim 1 of the '638 Patent under 35 U.S.C. § 271(c). Defendants sell, offer to sell, and import into the United States the Accused Products, which include the Samsung Reminder application as a material component of the inventions claimed in the '638 Patent. The Samsung Reminder application implements the schedule-type-based parsing functionality, including the classification of task records by schedule type, the application of distinct handling rules based on schedule type, and the continuous monitoring for exogenous factor data and task attribute inputs, that constitutes a material part of the claimed invention. The Samsung Reminder application is especially made and adapted to perform the methods claimed in the '638 Patent, is not a staple article of commerce suitable for substantial non-infringing use, and has no substantial non-infringing use apart from performing the infringing methods. Defendants have known of the '638 Patent since at least July 2, 2024, as alleged above, or have been willfully blind to its existence and to the infringement of its claims by the Samsung Reminder application, and in any event have known of the '638 Patent since the filing of this Complaint.

59.     TaskTime has suffered damages as a result of Defendants' direct and indirect infringement of the '638 Patent in an amount to be proved at trial.

60.    TaskTime has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '638 Patent for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

61.    Defendants have committed and continue to commit acts of infringement that Defendants actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '638 Patent. Defendants have had actual or willfully blind knowledge of the '638 Patent since at least its issuance on July 2, 2024, as alleged above, and in any event since the filing of this Complaint, yet have continued to make, use, sell, offer for sale, and import the Accused Products and to instruct end users to use the Samsung Reminder application in an infringing manner. Defendants' infringement of the '638 Patent has been and continues to be willful and egregious, entitling TaskTime to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, TaskTime prays for relief against Defendants as follows:

a.    Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.    Entry of judgment declaring that Defendants' infringement of the Patents-in-Suit has been willful and deliberate;

c.    An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the Patents-in-Suit;

27

d.      An order awarding damages sufficient to compensate TaskTime for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

e.      An order awarding TaskTime treble damages under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the Patents-in-Suit;

f.      Entry of judgment declaring that this case is exceptional and awarding TaskTime its costs and reasonable attorney fees under 35 U.S.C. § 285; and

g.      Such other and further relief as the Court deems just and proper.

Dated: May 28, 2026

Respectfully Submitted,

*/s/ Joseph M. Mercadante*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@frlip.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@frlip.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@frlip.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@frlip.com
**Fabricant, Rubino & Lambrianakos LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF***
***TASKTIME TEXAS LLC***